# ISAIAH FOUNTAIN

*vs.*

# THE STATE OF MARYLAND.

*Criminal Law—Removal to Other Circuit.*

The provisions of section 23 of Article 5 of the Code, that on the reversal of a judgment the Court of Appeals may, upon application in writing, direct the clerk to transmit a copy of the record to the clerk of a court of some county or city other than whence the appeal was taken, directing said court to proceed "in such action" and to a new trial thereof as if "such action" had been originally instituted in such court, cannot be regarded as applicable to criminal prosecutions, the various State constitutions, in providing as to rights of removal, having always clearly distinguished between suits or actions at law and presentments and indictments. p. 88

*Decided October 29th, 1919.*

Petition for change of venue.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, and STOCKBRIDGE, JJ.

*Eugene O'Dunne,* for the petitioner.

Submitted on brief by *Albert C. Ritchie, Attorney General,* and *Ogle Marbury, Assistant Attorney General,* for the State.

PATTISON, J., delivered the opinion of the Court.

Isaiah Fountain was, in the month of April, 1919, convicted in the Circuit Court for Talbot County of the crime of rape and sentenced to be hanged. An appeal was taken therefrom to this Court, which was heard at its April term, 1919, and decided on the 17th day of July thereafter. The judgment was reversed, a new trial was awarded and the case remanded to the Circuit Court for Talbot County for trial.

The appellant subsequently, on the 23rd day of July, 1919, filed a suggestion, supported by affidavit, that he could not have a fair and impartial trial in the Circuit Court for Talbot County, and prayed that this Court "order and direct the Clerk of the Circuit Court for Talbot County to transmit a copy of the record in said cause to the Clerk of the Criminal Court of Baltimore, with an order to such Court directing it to proceed in such action and to a new trial thereof in the same manner as if no trial had taken place, and as if such action had been originally instituted in said Court."

This application was made, as stated in the petition, upon the provisions of Section 23 of Article 5 of the Code of Public General Laws of this State, which provides that "when, on the reversal of a judgment, a new trial shall be awarded, the Court of Appeals, upon suggestion in writing by either of the parties, supported by affidavits or other proper evidence that a fair and impartial trial cannot be had in the Court where the judgment so reversed shall have been rendered, shall direct their clerk to transmit a copy of the record to the clerk of the court of some other county or city, with an order to such court, directing them to proceed in such action, and to a new trial thereof, in the same manner as if no trial had taken place, and as if such action had been originally instituted in such court."

The above quoted statute, in the opinion of this Court, does not apply to a case like the one before us.

The present Constitution of this State, as well as the earlier Constitutions, provides for the removal of cases.

In Section 2 of Chapter 55 of the Acts of 1804, by which the Constitution of 1776 was amended, it is provided that "in any suit or *action* at law * * * instituted in any county court of this State, the judges thereof, upon suggestion in writing, by either of the parties thereto, supported by affidavit, or other proper evidence, that a fair and impartial trial cannot be had in the county court of the county where such suit or action is depending, shall and may order and direct the record of their proceedings in such suit or *action* to be transmitted to the judges of any county court within the district, for trial," etc.

In Section 3 thereof, it is further provided that "if any party presented or indicted, in any of the county courts of this State, shall suggest, in writing, to the court in which such prosecution is depending, that a fair and impartial trial cannot be had in such court, it shall and may be lawful for the said court to order and direct the record of their proceedings in the said prosecution to be transmitted to the judge of any adjoining county court, for trial," etc.; and by Section 4 it is provided that "if the attorney general or the prosecutor for the State shall suggest, in writing * * * that the State cannot have a fair and impartial trial in such court, it shall * * * order and direct the record of their proceedings * * * to be transmitted to the judges of any adjoining county court for trial."

The General Assembly of Maryland, at its January Session, 1819 (Act of 1819, Chapter 149), passed what is now Section 23 of Article 5, upon which the appellant seeks the relief prayed for in his application or petition.

It will be observed that in the above stated provisions of the Constitution suits and actions at law are treated and dealt with separately and distinctly from criminal prosecutions, and it may well be inferred from such separate classification that Section 23 of Article 5, which refers only to *actions,* was not intended to include criminal prosecutions when no reference whatever is made to them in the statute. Had it been the intention of the Legislature to include within the

provisions of the Act cases of presentments and indictments, they would have been specially mentioned in the Act in view of the provisions of the Constitution.

In each of the later Constitutions of the State is found a similar classification of the cases in which the right of removal exists. In the Constitution of 1851, Sec. 28, Art. 4, the right of removal is extended to "all suits or actions at law, issues from the Orphans' Court, or from any court sitting in equity, in petitions for freedom, and in *all presentments* and indictments."

In the Constitution of 1864, Section 9, Article 4, such right of removal is given "in any suit or action, issue, or petition, presentment or indictment." A like classification is found in Section 8, Article 4 of the Constitution of 1867, as originally passed; and by the amendment thereto (Act of 1874, Chapter 364), the same is made to include specially "issues from the Orphans' Court or from any court sitting in equity."

It will be seen that at the time of the passage of the Act of 1819, Chapter 149, the distinction between suits or actions at law, and presentments and indictments was clearly defined and recognized by the provisions of the then existing Constitution. Nevertheless, the Act then passed made reference only to *actions,* and no reference whatever is therein made to *presentments* or *indictments;* and although the constitutions that followed continued to recognize said classification of cases, no amendment has ever been made to the Act of 1819, Chapter 149, by which criminal prosecutions should be brought within the provisions of the Act, consequently the inference may well be drawn that it was never intended that the provisions of said Act should apply to cases of presentments and indictments.

As further indicating that it was not the intention of the Legislature in the passage of the Act of 1819, Chapter 149, to include presentments or indictments within its provisions, the Constitution of 1867, as amended by the Act of 1874, Chap. 364, makes it necessary, in all cases of presentments and indictments other than those for offenses which are or may

be punishable by death, in addition to the suggestion in writing that a fair and impartial trial cannot be had in the circuit in which it is then pending, that the party making such suggestion shall make it satisfactorily appear to the Court that such suggestion is true, or that there is a reasonable ground for the same; while the statute (Section 23, Article 5) requires only a suggestion in writing supported by affidavits or other proper evidence that a fair and impartial trial cannot be had in such court, to authorize the removal of the case.

It is true that the Constitution confers upon the Legislature power to make such modification of the existing laws as may be necessary to regulate and give force to its provisions relating to the removal of cases; and in the exercise of this power the Legislature may enlarge the right of removal (*Price* v. *Nesbitt,* 29 Md. 264; *Downs* v. *State,* 111 Md. 246) ; but in the statute before us we can discover no intention on the part of the Legislature to enlarge such right. The statute confines the application of its provisions to *actions,* and, as we construe it, cases of presentments and indictments which, by the constitutional provision constitutes a class of cases in addition to suits or actions, cannot be regarded as *actions* within the meaning of the statute, however comprehensive the meaning of the word *"actions"* might be when otherwise used.

The Court being of the opinion that it is without power to grant the prayer of the appellant's petition, his application will be denied.

> *Application denied and petition dismissed,*
> *with costs.*