889 A.2d 399

**Douglas M. ARMSTRONG, et al.**

v.

**BALTIMORE CITY, Maryland.**

**No. 30 Sept. Term, 2005.**

Court of Appeals of Maryland.

Jan. 6, 2006.

J. Carroll Holzer (Holzer & Lee on brief), Towson, for petitioners.

Sandra R. Gutman, Chief Solicitor (Ralph S. Tyler, City Solicitor, and Adam S. Levine, Assistant City Solicitor, on brief), Baltimore, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

WILNER, J.

This is a battle over a parking lot in the Charles Village area of Baltimore City. The parking lot is owned and operated by Cresmont Properties, the developer of a 26–unit apartment building at 2807 Cresmont Avenue, to which the parking

lot would be adjacent and accessory. Although clearly interested in the litigation, Cresmont is not a party to it. The parties are several residents who live in the area and oppose the parking lot (petitioners), and the City, which has sided with the developer and authorized the lot (respondent).

The parking lot is in a parking lot district created by § 10–503 of the Baltimore City Zoning Code. At the times relevant in this case, § 10–504 of that Code prohibited land in such a district from being used as a parking lot "unless authorized by an ordinance of the Mayor and City Council." That prohibition was modified in December, 2004, when the City amended the definition of "parking lot" in § 10–501 in a way that excluded accessory parking lots from the ambit of the law. Under the revised Code, an accessory parking lot may be established without the need of an ordinance.

In order to comply with the then-existing requirement that even an accessory parking lot in a parking lot district required an ordinance, Bill 03–1228 was introduced in October, 2003, and was enacted as Ord. No. 04–659 in March, 2004. The ordinance granted permission for the establishment, maintenance, and operation of a parking lot at 2807 Cresmont Avenue, as an accessory use to the 26–unit apartment structure, subject to two stated conditions. Petitioners, who had opposed the ordinance, filed a petition for judicial review in the Circuit Court for Baltimore City. A separate petition alleging a violation of the Open Meetings Act was filed the same day, and the two petitions were consolidated by the court. In their petition for judicial review, petitioners complained about a number of procedural deficiencies and irregularities accompanying the legislative process and also alleged that the ordinance prevented petitioners from using adjacent garages for the storage of automobiles and thereby effected an unlawful taking of their property.

The petition for judicial review was filed pursuant to Maryland Code, Art. 66B, § 2.09(a)(ii), which provides that an "appeal" may be taken to the "Circuit Court of Baltimore City" by any person aggrieved by "[a] zoning action by the

City Council." We shall construe the word "appeal," as used in that section, as meaning an action for judicial review, as there is no "appeal" from the action of a legislative body, whether acting in a legislative or administrative capacity, and we shall construe the reference to the "Circuit Court of Baltimore City" to mean the Circuit Court *for* Baltimore City, as there is no court known as the Circuit Court *of* Baltimore City.[1] These corrective interpretations are non-substantive. Section 2.09(a)(2) requires the petitioner to comply with title 7, ch. 200 of the Maryland Rules, which govern actions for judicial review from administrative agencies.

The City moved to dismiss the petition on the ground that the challenged ordinance did not constitute a "zoning action" under § 2.09 and that, as a result, there was no right to seek judicial review. Relying principally on *Board v. Stephans*, 286 Md. 384, 408 A.2d 1017 (1979), the City viewed the term "zoning action" as limited to a reclassification of property, which Ord. No. 04–659, in its view, did not achieve. The property in question, the City noted, was in a B–3 zoning district prior to the ordinance and it remained in such a district after enactment of the ordinance. Nor, the City added, could the action be brought under title 7, ch. 200 of the Maryland Rules, which merely provide the procedure to be followed when an action for judicial review is authorized by statute.

After hearing argument on the City's motion, the court, on August 13, 2004, and "for the reasons enumerated on the record," granted the motion and dismissed the "appeal." Five days later, the court denied petitioners' motion to alter or amend its judgment, whereupon petitioners noted an appeal to

---

1.  There was once a Circuit Court of Baltimore City, which was one of six courts comprising the Supreme Bench of Baltimore. Those six courts were abolished in 1980, when, by Constitutional Amendment, they were consolidated into the Circuit Court for Baltimore City. The version of § 2.09 in existence prior to its most recent revision in 2000 correctly referred to the Circuit Court for Baltimore City. It was in a 2000 rewriting of the section (2000 Md. Laws, ch. 426) that the error, which we assume was purely typographical, occurred.

the Court of Special Appeals. In the Information Report filed pursuant to Maryland Rule 8–205, petitioners listed as the issues whether Ord. 04–659 constituted a legislative authorization of a conditional use and whether petitioners were entitled to judicial review of that ordinance.

In January, 2005, the City moved to dismiss the appeal on the ground that "[t]he appeal is not statutorily prescribed by either the Maryland Rules or Maryland Ann.Code, Art. 66B, § 2.09," and that the Court of Special Appeals therefore "lacks jurisdiction to entertain this appeal." In an accompanying memorandum, it repeated the argument presented to the Circuit Court—that § 2.09 permits judicial review only from a reclassification and that the challenged ordinance did not effect a reclassification. It added that, as a result, the *appellate court* had no jurisdiction to entertain the appeal. Petitioners did not respond to the motion to dismiss. They were more concerned with getting the record to the appellate court.[2] On March 14, 2005, the court granted the City's

---

2. A week before the motion to dismiss was filed by the City, petitioners filed a motion in the appellate court to transmit the record without a transcript. Maryland Rule 8–413 requires the record on appeal to contain the transcript required by Rule 8–411. Rule 8–411 requires the appellant to order a transcription of any proceeding relevant to the appeal and to cause that transcript to be filed with the clerk for inclusion in the record. Although there was apparently no testimony taken in the Circuit Court, the court's judgment, as noted, was based on "the reasons enumerated in the record." It was therefore necessary for petitioners to ensure that the record included the transcript of the hearing on the City's motion, at which the court presumably announced its reasons for granting the motion. The problem was that, after making inquiries of the court reporter, petitioners were eventually informed that the court reporter had lost her notes and that it was impossible to produce a transcript. Rule 8–412(a) requires the record to be filed within 60 days after entry of an order to proceed under Rule 8–206(a). Petitioners were not informed about the lost notes until January 18–the very day they filed their motion. In order to avoid a dismissal of the appeal for failure to produce the record timely, it was necessary for petitioners to deal with the court's inability to produce a transcript. *See* Maryland Rule 8–602(a)(5), permitting the appellate court to dismiss an appeal if the record was not transmitted within the time prescribed by Rule 8–412, unless the court finds that the failure was caused by the act or omission of certain court personnel, including

motion and dismissed the appeal pursuant to Maryland Rule 8–602(a)(1) (appeal not allowed by law).

■    Maryland Code, § 12–301 of the Cts. & Jud. Proc. Article provides that, except as provided in § 12–302 of that article, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists whether the judgment is entered in the exercise of the court's original, special, limited, or statutory jurisdiction, unless, in a particular case, the right of appeal is expressly denied by law. Section 12–302(a) contains an exception to that broad right of appeal which, itself, is subject to an exception. It provides, in relevant part, that "[u]nless a right to appeal is expressly granted by law, § 12–301 does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of . . . a local legislative body."

■    In *Department v. Harmans,* 98 Md.App. 535, 542, n. 2, 633 A.2d 939, 943, n. 2, the Court of Special Appeals pointed out that the reference to "appellate jurisdiction" in § 12–302(a) was a misnomer when applied to review of decisions of administrative and legislative bodies. The court noted that "[t]rue appellate jurisdiction is exercised only when a court reviews the orders or judgments of a lower *court* " and that "[a]ctions to review the conduct and orders of Executive or Legislative bodies are in the nature of original actions, either under extraordinary common law or equity writs or upon statutory authority." *Id.* The Court of Special Appeals noted, however, that, until the misnomer was corrected with the adoption of the title 7, chapter 200 Rules in 1993, it was common for statutes, rules, and courts to speak of those kinds of proceedings as administrative "appeals," as, indeed, § 2.09 continues to do. The court concluded that, in crafting § 12–302, the Legislature intended for the exception to apply to that kind of judicial review, and so, when dealing with an

---

the court stenographer. The Court of Special Appeals never acted on petitioners' motion.

action for judicial review of an administrative or legislative body, it is necessary to search beyond § 12–301 for authority to appeal the decision of the circuit court. Those principles were confirmed by this Court in *Gisriel v. Ocean City Elections Board*, 345 Md. 477, 493–96, 693 A.2d 757, 765–67 (1997).

In searching for the right to appeal the Circuit Court's decision in this case, we need look no further than § 2.09 itself. Subsection (e) of that section provides that "[a]ny decision of the Circuit Court [for] Baltimore City may be appealed to the Court of Special Appeals." It does not matter whether the Circuit Court did or did not have jurisdiction to entertain the judicial review action, whether it was right or wrong in its ruling. That is what the appeal is to resolve. So long as the Circuit Court entered a final or otherwise appealable judgment, which it did, an appeal will lie. In this Court, the City argues that the dismissal of the appeal was correct because petitioners failed to respond to the City's motion. Such an argument is entirely without merit. We are aware of no rule, or ruling, that would allow the Court of Special Appeals to dismiss an appeal properly before it simply because the appellant fails to respond to a non-meritorious motion to dismiss. The dismissal was erroneous; the Court of Special Appeals clearly had jurisdiction to consider the appeal.

**ORDER OF COURT OF SPECIAL APPEALS DISMISSING APPEAL REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS; COSTS IN THIS COURT TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**