14 A.3d 1

MONTGOMERY PRESERVATION INC., et al.

v.

MONTGOMERY COUNTY PLANNING BOARD OF
the MARYLAND–NATIONAL CAPITAL PARK
AND PLANNING COMMISSION, et al.

No. 1176, Sept. Term, 2009.

Court of Special Appeals of Maryland.

Feb. 25, 2011.

Michele M. Rosenfeld (Rosenfeld & Rosenfeld LLC, on the brief), Potomac, MD, for appellant.

David B. Lieb (Adrian R. Gardner, Gen. Counsel, on the brief), Silver Spring, MD, for appellee.

Panel: MATRICCIANI, KEHOE, JAMES A. KENNEY, III (Retired, Specially Assigned), JJ.

JAMES A. KENNEY, III (Retired, Specially Assigned), J.

On December 1, 2008, Montgomery Preservation, Inc., the Silver Spring Historical Society, Marilyn Bate, Meghan McCleary, and Mary Jacobs (collectively, "appellants"), filed a complaint in the Circuit Court for Montgomery County against the Maryland–National Capital Park and Planning Commission's ("MNCPPC") Planning Board for *writ of administrative mandamus*, requesting judicial review of the Planning Board's decision to recommend against designating a building located at 8700 Georgia Avenue in Silver Spring, known as "the Perpetual Building," as a historic site. The Planning Board filed a motion to dismiss, arguing that its recommendation to the Montgomery County District Council ("District Council") was not an appealable final order. After holding a hearing on the issue, the circuit court granted the Planning Board's motion to dismiss.

Appellants filed a timely appeal and raised two questions, which we have consolidated as follows: [1]

Did the circuit court properly refuse judicial review of the recommendation of the Planning Board?

For the reasons stated below, we shall affirm the decision of the circuit court.

---

**1.** Appellants present the following questions:

1. Did the Circuit Court err in ruling that the action of the Planning Board was a "recommendation" rather than a final administrative agency decision under the facts of this case?

2. Did the Circuit Court err in its refusal to review the Montgomery County Planning Board's decision in this case as a final administrative agency decision, *i.e.,* to determine if the Board's action was arbitrary, capricious or otherwise deficient as a matter of law or procedure?

## Factual and Procedural Background

In May 2007, the Silver Spring Historical Society sought to amend Montgomery County's Master Plan for Historic Preservation to designate the Perpetual Building as a historic site. After reviewing the nomination, Montgomery County's Historic Preservation Commission ("HPC")[2] recommended to the MNCPPC Planning Board that the Perpetual Building be designated as a historical property.

After reviewing the proposal, the Planning Board's staff agreed that the Perpetual Building met the criteria necessary for designation set forth in Chapter 24A, Sec. 24A–3(b) of the Montgomery County Code. Specifically, they found that the proposed historic site:

(1)(a) Has character, interest or value as part of the development, heritage or cultural characteristics of the county, state or nation;

(1)(d) Exemplifies the cultural economic, social, political or historic heritage of the county and its communities;

(2)(a) Embodies the distinctive characteristics of a type, period or method of construction; and

(2)(d) Represents a significant and distinguishable entity whose components may lack individual distinction.

As required by Chapter 33A, Sec. 33A–6 of the Montgomery County Code, the Planning Board held a public hearing on January 10, 2008, to consider whether the Perpetual Building should be designated on the Master Plan for Historic Preservation. On March 20, 2008, after conducting a work session to decide whether to recommend such an amendment to the District Council, the Planning Board voted to recommend against amending the Master Plan.

---

**2.** The HPC was created by Chapter 24A of the Montgomery County Code. One of HPC's stated purposes is, *inter alia*, "to research historic resources and to recommend to the planning board that certain sites be designated as historic sites or historic districts on the master plan for historic preservation and, hence, be subject to the provisions of this chapter." Chapter 24A, § 24A–5(a).

On July 14, 2008, the Planning Board's Chairman sent a letter to the Council and the County Executive concerning the proposal. It stated, in relevant part:

With this letter, I am transmitting to you the *Planning Board (Final) Draft Amendment to the Master Plan For Historic Preservation: Perpetual Building Association Building.*

After extensive deliberation, the Board voted to not recommend this property for historic designation. We were not convinced that the history or architecture of this building met the standards of Chapter 24A or the *Master Plan for Historic Preservation.*

Although we are not recommending this property for historic designation, we recognize that the County Council is the final decision maker in regard to amending master plans. Thus, we are sending this document forward for the Council's review and consideration; however, we urge the Council to concur with the Board's recommendation and to not designate this particular property.

Under Chapter 33A of the Code, the Executive has 60 days in which to comment on this Planning Board (Final) Draft Amendment.

The draft amendment transmitted with the Chairman's letter contained the following:

This amendment recommends that the Silver Spring Branch of the Perpetual Building Association should not be designated on the *Master Plan for Historic Preservation,* and should not be protected by the County's Historic Preservation Ordinance, Chapter 24A of the Montgomery County Code.

During a District Council meeting on October 28, 2008, Council member Valerie Ervin moved to schedule a public hearing on the Planning Board's draft amendment to the Master Plan regarding the Perpetual Building, and Council member Marc Elrich seconded the motion. After discussion, the District Council voted, 3–6, against scheduling the public hearing. No further action was taken by the District Council

concerning the proposal or the Planning Board's recommendation.

On December 1, 2008, some 153 days after the Planning Board's recommendation was transmitted to the District Council, appellants filed a complaint for a *writ of administrative mandamus,* requesting "judicial review of the Planning Board's decision to not recommend designation" of the Perpetual Building as a historic site. The Planning Board responded by filing a motion to dismiss, arguing that the Planning Board's recommendation is not appealable as a final order, and that "[t]here is no final decision-making authority vested in the Planning Board such that its recommendation can be reviewed, either by way of a petition for judicial review or a writ of administrative mandamus."

At the hearing before the circuit court on May 13, 2009, appellants argued that the Planning Board's recommendation was the final determination. They based this argument on the fact that during District Council discussions regarding whether to schedule a public hearing, a staff attorney used the term "empty envelope" to describe the Planning Board's recommendation.

The circuit court granted the motion to dismiss, finding that the Planning Board's action was only a recommendation and that the final decision was up to the District Council. The court stated that "if the petitioners have a complaint, it is with the District Council, [and] . . . I don't think a writ of mandamus is appropriate in this case."

After the circuit court's ruling, appellants filed a motion to alter or amend judgment, which the court denied. This appeal followed.

## DISCUSSION

■ We are asked to review the circuit court's dismissal of appellants' complaint for a *writ of administrative mandamus.* Therefore, we must "determine whether the lower court's conclusions are 'legally correct' under a *de novo* standard of review." *L.W. Wolfe Enterprises, Inc. v. Maryland National*

*Golf, L.P.,* 165 Md.App. 339, 344, 885 A.2d 826 (2005), *cert. denied,* 391 Md. 579, 894 A.2d 546 (2006); *Sprenger v. Public Service Comm'n,* 400 Md. 1, 21, 926 A.2d 238 (2007). Appellants argue that "because the [District] Council declined to assume jurisdiction over the Planning Board's master plan recommendation and *itself* make a decision, the Planning Board's recommendation in fact constitutes a final appealable agency action under which [a]ppellants can seek mandamus review."

The Planning Board maintains that it does not have authority to amend the local Master Plan because that authority is reserved by law for the County Council, sitting as the District Council. Maryland Code (1957, 2010 Repl.Vol.) Art. 28, § 7–108(d)(2)(ii). The Planning Board asserts that its role is solely an advisory one, and, once its recommendation was passed along to the District Council, it had no further involvement. It argues that it fulfilled its obligation with the transmittal of the Chairman's letter of July 14, 2008, together with the proposed "amendment" which recommended against designation.

To facilitate our decision, we review the MNCPPC's authority, duties, obligations, and responsibilities as defined by Art. 28, §§ 1–101, et seq. The MNCPPC is an autonomous state agency created by the Maryland General Assembly in 1927. Art. 28, § 1–101. One of its many duties includes the development of local planning areas and local master plans for the Maryland–Washington Regional District. Art. 28, § 7–108(b). At the direction of the District Council,[3] MNCPPC is required to provide recommendations to the District Council for amendments to local Master Plans. Art. 28, § 7–108(b). Designation of historic sites is one area in which MNCPPC provides such recommendations to the District Council. Art. 28, § 7–108(a)(3)(ix).

---

**3.** The Montgomery County Council is designated the "District Council" when serving its duties under Article 28. *See* Art. 28, § 8–101(a) and *Montgomery County v. Revere National Corp., Inc.,* 341 Md. 366, 384, 671 A.2d 1 (1996) (When it sits as the District Council, the County Council is an administrative agency).

When preparing or reviewing amendments to a local Master Plan and making recommendations to the Council, MNCPPC acts through its "Planning Board." Art. 28, § 7–111. Ch. 33 A, Sec. 33A–7 of the Montgomery County Code provides:

After the record of the public hearing is closed, the commission must prepare and submit to the District Council a Planning Board draft of the plan or amendment, incorporating appropriate revisions and modifications to the public hearing draft. A copy of the plan or amendment must also be transmitted to the Executive and to any municipality in or adjacent to the planning area.

Art. 28, § 7–108(d)(2) provides:

On completion of the plan or amendment, the planning board shall transmit the plan or amendment to the district council, and also transmit copies of the plan or amendment to the County Executive. Within 60 days, the County Executive shall transmit a fiscal impact analysis to the district council with any other comments and recommendations the County Executive deems appropriate. Within 180 days after the receipt of the County Executive's comments, recommendations, and fiscal impact analysis, the district council shall approve, modify, or disapprove the plan or amendment.[4]

Article 28, § 7–108(d)(2)(ii) further provides that the District Council may approve the Planning Board's recommendation by inaction: "Failure of the district council to act within the time limits imposed shall constitute approval of the plan or amendment as submitted by the planning board."

■ After review of the applicable law, we are persuaded that the Planning Board's recommendation was not an appealable final administrative decision. It is a well settled principle of Maryland law, with rare exceptions not present in the instant case, that one cannot seek judicial review until a final administrative decision is reached. *Goodwich v. Nolan,* 343

---

4. Satisfaction of the transmittal and timing requirements of the provisions is not questioned in this appeal.

Md. 130, 151, 680 A.2d 1040 (1996). Art. 28, § 7–108(d)(2)(ii) does not empower the Planning Board to render a "final administrative decision" in the context of amending master plans. That responsibility lies solely with the District Council.

In *Boyds Civic Association v. Montgomery County Council,* 309 Md. 683, 703, 526 A.2d 598 (1987), the Court of Appeals explained that, in Montgomery County, the "ultimate decision as to whether a plan is to be adopted or rejected resides with the County Council." *See also Mayor & Council of Rockville v. Rylyns Enters., Inc.,* 372 Md. 514, 530, 814 A.2d 469 (2002) (plans which are the work of planning commissions are advisory in nature and have no force of law). As the record before us illustrates, the Planning Board took all necessary steps required by law in its consideration of whether to recommend that the Master Plan be amended.

After receiving the Planning Board's recommendation, the District Council's inaction on the proposed amendment triggered Art. 28 § 7–108(c)(2), and caused the District Council to approve "the plan or amendment as submitted by the Planning Board." Although the language speaks of "approval" of the plan or amendment, that language is modified by "as submitted by the Planning Board." The "amendment" submitted by the Planning Board, here, read as follows:

> This amendment recommends that the Silver Spring Branch of the Perpetual Building Association *should not be designated* on the *Master Plan for Historic Preservation,* and *should not be protected* by the County's Historic Preservation Ordinance, Chapter 24A of the Montgomery County Code.

(Emphasis added.)

In other words, what is referred to as the "amendment" is not a proposed amendment to the Master Plan, but rather a recommendation that the Master Plan not be amended to designate the Perpetual Building as a historical site on the Master Plan.

Appellants argue that we should focus on remarks made during a District Council session, during which a staff member

referred to the Planning Board's recommendation as an "empty envelope." In our view, this was simply a way of explaining that the Planning Board had recommended to the District Council that no change be made to the Master Plan. Moreover, an advisory recommendation against a proposed amendment did not render the Planning Board as the final decision maker in whether the Master Plan for Historic Preservation was to be amended. That determination could only be made by the District Council.

When the District Council approved by inaction the Planning Board's recommendation, it made the final decision on the proposed amendment. Thus, as the circuit court concluded, to appeal the decision not to designate the Perpetual Building as a historic site, appellants should have appealed the decision of the District Council, not the recommendation of the Planning Board. *See also, Washington County Taxpayers Asso., v. Board of County Comm'rs,* 269 Md. 454, 464, 306 A.2d 539 (1973) (Because the legislative body has the sole authority to formulate and adopt a plan, if appellants seek to oppose the adoption of a plan, they should challenge the legislative body, not the planning commission).

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANTS.**

