36 A.3d 419

MONTGOMERY PRESERVATION, INC., et al.

v.

MONTGOMERY COUNTY PLANNING BOARD OF the MARYLAND–NATIONAL CAPITAL PARK AND PLANNING COMMISSION, et al.

No. 36, Sept. Term, 2011.

Court of Appeals of Maryland.

Jan. 24, 2012.

Michele McDaniel Rosenfeld (The Law Office of Michele Rosenfeld LLC, Potomac, MD) on brief, for petitioners.

David B. Lieb, Associate General Counsel (The Maryland–National Capital Park and Planning Commission, Silver Spring, MD) on brief, for respondents.

BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA, and JOHN C. ELDRIDGE (Retired, Specially Assigned), JJ.

ADKINS, J.

In their quest to obtain historic designation for Silver Spring's Perpetual Building, Montgomery Preservation, Inc., et al., ("Petitioners") wade hip-deep into Maryland administrative law and appropriate remedies. After Petitioners made proper formal requests, the Montgomery County Planning Board of the Maryland–National Capital Park and Planning Commission ("MNCPPC") decided not to recommend the Perpetual Building for historic designation, and not to amend the county's Master Plan for Historic Preservation to include the building.

The Planning Board ("Respondent") forwarded this non-recommendation to the Montgomery County Council, which, sitting as an administrative agency, concluded it could take no action on the matter and therefore did nothing. Petitioners brought a complaint, seeking a writ of administrative mandamus and claiming that the Council's inaction rendered the Planning Board's previous recommendation final and appealable.

The Circuit Court for Montgomery County dismissed the Petitioners' complaint, holding that the Council's inaction trig-

gered a default provision of the relevant statute, meaning the Council had indeed "acted" and no judicial review of the Planning Board's recommendation could take place. This dismissal was affirmed by the Court of Special Appeals, and we granted *certiorari* on June 17, 2011.

Petitioners presented the following question for our review, as summarized and restated by us: [1]

Was the Planning Board's recommendation to not amend the Master Plan a final appealable administrative agency decision?

We shall hold that the Planning Board's recommendation was not a final appealable agency decision and, consequently, affirm the Court of Special Appeals' decision.

## STATEMENT OF FACTS

In May 2007, the Silver Spring Historical Society applied to Montgomery County's Historic Preservation Commission to nominate the Perpetual Building, in Silver Spring, for historic designation. In Montgomery County, historic designation is achieved by inclusion of a property, via amendment, on the "Master Plan for Historic Preservation." Following county procedure,[2] the Preservation Commission reviewed the nomination and recommended to the MNCPPC's Planning Board ("Planning Board") that the Perpetual Building be designated on the county's Master Plan.

---

**1.** The questions, as presented by Petitioners, are as follows:
  1. Did the Court of Special Appeals err in affirming the Circuit Court's refusal to undertake judicial review of the Planning Board's decision to determine if the Board's action was arbitrary, capricious, or otherwise deficient as a matter of law?
  2. Did the Court of Special Appeals err in ruling that the Planning Board action in this case was a "recommendation" rather than an appealable final administrative agency decision?
  3. Did the Court of Special Appeals err in its determination that the Appellants' proper recourse in this case was to appeal a decision of the District Council (not the decision of the Planning Board)?

**2.** *See* Montgomery County Code Chapter 24A–5.

Once the Planning Board receives a nomination, it must evaluate it and send a recommendation to the County Council.[3] Montgomery County law lists nine criteria for the Planning Board to use to evaluate designation nominations, and the Planning Board determined that the Perpetual Building met five of them. *See* Montgomery County Code Chapter 24A–3(b). Accordingly, Planning Board staff prepared a "Draft Amendment to the Master Plan for Historic Preservation," recommending that the Perpetual Building be designated for historic preservation.

The Planning Board then held a hearing on January 10, 2008, as mandated by Montgomery County Code Chapter 33A–6, to consider whether to designate the Perpetual Building on the Master Plan. That March, the Planning Board ultimately voted 3 –0, with two members absent, against recommending the Perpetual Building as a historic resource. The Planning Board revised its "Draft Amendment" to reflect the March decision and sent it to the Montgomery County Council ("Council")[4] on July 14, 2008. The Draft Amendment stated:

> This amendment recommends that the Silver Spring Branch of the Perpetual Building Association should not be designated on the *Master Plan for Historic Preservation*, and should not be protected by the County's Historic Preservation Ordinance[.]

---

**3.** The Planning Board is "responsible for planning, platting, and zoning functions primarily local in scope," Md.Code Ann. (2002, 2010 Repl. Vol.), Article 28, § 7–111(a), whereas the respective county councils have the "[p]ower to regulate for the protection of historical ... districts," Md.Code Ann. (2008, 2010 Repl.Vol.), Article 28, § 8–101(c).

**4.** When carrying out its duties under Article 28, the Montgomery County Council is designated as the "District Council." Throughout this opinion, we shall refer to it as the "Council," but any references in quoted material to the "District Council" are applicable to it as well. *See also Montgomery County v. Revere Nat'l Corp., Inc.*, 341 Md. 366, 384, 671 A.2d 1, 10 (1996) ("[W]hen it sits as the District Council in a zoning matter the County Council is an administrative agency." (citations and quotations omitted)).

When the chairman of the Planning Board sent the Draft Amendment to the Council, he included a cover letter that explained:

> After extensive deliberation, the Board voted to not recommend this property for historic designation. We were not convinced that the history or architecture of this building met the standards of Chapter 24A or the *Master Plan for Historic Preservation.*
>
> Although we are not recommending this property for historic designation, we recognize that the County Council is the final decision maker in regard to amending master plans. Thus, we are sending this document forward for the Council's review and consideration; however, we urge the Council to concur with the Board's recommendation and to not designate this particular property.

The Council took up the matter during a meeting on October 28, 2008. After a proper motion and second, the Council voted against scheduling a public hearing on the Planning Board's Draft Amendment. The Council did nothing further concerning the Petitioner's application or the Planning Board's recommendation.

On December 1, 2008, Petitioners filed a complaint for a writ of administrative mandamus in the Circuit Court for Montgomery County.[5] Petitioners requested "judicial review of the Planning Board's decision to not recommend designation" of the Perpetual Building as a historic site. Respondent moved to dismiss, arguing mainly that the Planning Board's recommendation was not appealable as the final order of an agency. After a hearing, the Circuit Court granted the Respondent's motion, reasoning:

> I am not persuaded that this complaint . . . is appropriate for mandamus. [The Planning Board's] action was a recommendation only. In this case they did not recommend it, and in the end, the final decision was up to the Council.

---

5. Administrative mandamus is available for "actions for judicial review of a quasi-judicial order or action of an administrative agency where review is not expressly authorized by law." Maryland Rule 7–401(a).

[I]f the petitioners have a complaint, it is with the District Council. . . . But I don't think a writ of mandamus is appropriate in this case[.]

Petitioners moved to alter or amend the judgment, which the Circuit Court denied.

In a timely appeal, Petitioners argued to the Court of Special Appeals that the Council's inaction transformed the Planning Board's recommendation into "a final appealable agency action under which [Petitioners] can seek mandamus review." *Montgomery Pres. Inc. v. Montgomery County Planning Bd.*, 197 Md.App. 388, 393, 14 A.3d 1, 3–4 (2011). The court disagreed, holding that "the Planning Board's recommendation was not an appealable final administrative decision." *Id.* at 394, 14 A.3d at 5.

Petitioners filed a petition for *certiorari*, which we granted. *See Montgomery Pres., Inc. v. Park & Planning*, 420 Md. 81, 21 A.3d 1063 (2011).

## DISCUSSION

We are reviewing the dismissal of Petitioners' request for a writ of administrative mandamus. We must interpret Maryland statutory and case law, and we will review whether the lower courts' conclusions were correct as a matter of law. *See, e.g., Talbot County v. Miles Point Prop., LLC*, 415 Md. 372, 384, 2 A.3d 344, 351 (2010); *Nesbit v. Gov't Employees Ins. Co.*, 382 Md. 65, 72, 854 A.2d 879, 883 (2004).

We look to Maryland's statutory grant of power to determine each entity's role to play in this case. First, Article 28 of the Annotated Code of Maryland outlines the general powers that the Council and the MNCPPC have over master plan amendments:

The general plan may be amended, extended, added to, or revised from time to time by the initiation and adoption of appropriate amendments to it by the [MNCPPC]. Any functional master plan, local area master plan, or any amendment thereto shall be an amendment to the general plan if so designated by the appropriate district council.

\* \* \*

[N]othing in this subsection shall prevent, in a judicial review on the record of a governmental action concerning development, consideration of the reasonableness of a plan or its appropriateness and completeness in relation to the governmental action and review.

\* \* \*

Each functional master plan, or any amendment thereto, shall be an amendment to the general plan if so designated by the appropriate district council.

Md.Code Ann. (2009, 2010 Repl.Vol.), Article 28, § 7–108(a)(5)–(6), (c)(2). The statute further describes the procedure for amending the master plan, including the interplay between the Planning Board and the appropriate district council:

On completion of the plan or amendment, the planning board shall transmit the plan or amendment to the district council, and also transmit copies of the plan or amendment to the County Executive. Within 60 days, the County Executive shall transmit a fiscal impact analysis to the district council with any other comments and recommendations the County Executive deems appropriate. Within 180 days after the receipt of the County Executive's comments, recommendations, and fiscal impact analysis, the district council shall approve, modify, or disapprove the plan or amendment. . . . Failure of the district council to act within the time limits imposed shall constitute approval of the plan or amendment as submitted by the planning board.

Md.Code Ann. (2009, 2010 Repl.Vol.), Article 28, § 7–108(d)(2)(ii). The statute also recognizes the implications that these master plan amendments have with regard to historic preservation:

The [MNCPPC] may make and adopt and, from time to time, amend a plan which shall identify and designate sites, structures with their appurtenances and environmental settings, or districts having a historical, archeological, architectural, or cultural value. . . . The plan shall constitute an

amendment to the general plan ... with the consent of the governing body of that municipality. Consent of the governing body shall constitute the agreement of the municipality to be bound by all rules and regulations governing such sites[.]

Md.Code Ann. (2009, 2010 Repl.Vol.), Article 28, § 7–108(e). The legislation also gives the Council the authority to adopt regulations to further historic preservation. *See* Md.Code Ann. (2008, 2010 Repl.Vol.), Article 28, § 8–101(c).

The Council has broader power and more definite authority to alter the master plan, and the Planning Board's power is defined narrowly, subject to the final decision-making power of "proper authorities"—in this case, the Council:

The [MNCPPC] and the county planning boards, or either of them, may **recommend to the proper authorities** text amendments to the zoning ordinances, subdivision regulations, and any other rules or regulations authorized in this title.

Md.Code Ann. Art. 28, § 7–111(b) (emphasis added); *see also* Md.Code Ann. (2008, 2010 Repl.Vol.), Article 28, § 8–101(c) ("[E]ach district council may provide ... regulations for the protection, preservation and enhancement of sites, structures with their appurtenances and environmental settings, or districts of historical, archeological, architectural or cultural value designated on the adopted and approved general plan.").

Montgomery County's Code supplements the state statute, further delineating the allocation of power between the Planning Board and the Council:

After the record of a public hearing is closed, the [MNCPPC] must prepare and submit to the District Council a Planning Board draft of the plan or amendment, incorporating appropriate revisions and modifications to the public hearing draft.

Montgomery County Code, Chapter 33A–7.

These grants of authority provide a foundation for determining how decisions made under them may be appealed, considering that a party may seek judicial review only of an

appealable final administrative decision. *See Goodwich v. Nolan,* 343 Md. 130, 151, 680 A.2d 1040, 1050 (1996) ("[T]he exhaustion of administrative remedies doctrine ... states that, with rare exceptions, one cannot seek judicial review until a final administrative decision is reached."). Accordingly, we must review these applicable laws and determine whether the Planning Board's recommendation was an appealable final administrative decision.

The power to make such decisions is vested in the Council, not the Planning Board. In a similar case, we held "that the ultimate decision as to whether a plan is to be adopted or rejected resides with the County Council[.]" *Boyds Civic Assoc. v. Montgomery County Council,* 309 Md. 683, 703, 526 A.2d 598, 608 (1987). *Boyds* applied Section 7–108 to reject the idea that proceedings before the MNCPPC are appealable final decisions within the contours of administrative law. *Id.* at 704, 526 A.2d at 609. We read the rule in *Boyds* to broadly define the power of the Council under Section 7–108, which limits the finality of the Planning Board's actions.

Instead of making a final administrative decision, the Planning Board made a recommendation and appropriately transmitted it. As the Court of Special Appeals observed in this case, the Planning Board "took all necessary steps required by law in its consideration of whether to recommend that the Master Plan be amended." *Montgomery Preservation, Inc.,* 197 Md.App. at 395, 14 A.3d at 5. The Planning Board transmitted its recommendation against the Perpetual Building receiving a historic designation, triggering the 60–day response window for the County Executive and the additional 180–day window for the Council to act under Section 7–108(d)(2).

The Council failed to act within those 180 days. Under the statute, this inaction constituted "approval of the plan or amendment as submitted by the planning board." Md.Code Ann. (2009, 2010 Repl.Vol.), Article 28, § 7–108(d)(2)(ii).[6] Pe-

---

6. As the Court of Special Appeals observed, the "amendment" in this case "is not a proposed amendment to the Master Plan, but rather a

titioners argue that this statutory provision regarding inaction should not apply to the Council here:

> [T]he Council in this case concluded that it simply did not have any jurisdiction over the *Planning Board Draft Amendment* and *could not* take action on it (either affirmatively or through non-action). The Council concluded that a *Planning Board Draft Amendment* recommending against designation of the Perpetual Building was a legal nullity and that *the Council as a matter of law had nothing before it to decide.*

Because the Council "relinquishe[d] its jurisdiction" over the matter, Petitioners argue, "the conclusion is inescapable that the Planning Board was the *de facto* final decision maker in this case." Under this view of the law, when the Council deemed itself unable to act, it effectively excused itself from its statutory authority and converted the Planning Board's recommendation into a final appealable decision.

We are not persuaded by this argument. The Council's determination that it had no authority to act does not bear on the statute. As Respondent observed at oral argument, the statute dealing with failure to act imposes no *mens rea* element on the Council—that is, the Council need not demonstrate a willingness not to act. We agree with Respondent that, under Section 7–108(d)(2),

> a failure to act is a failure to act, without limitation, and the effect of failing to act is to approve the Board's recommendation with respect to a master plan amendment. The Council's stated reasons for not holding a public hearing ... do not make it any less of a failure to act under Section 7–108(d)(2)(ii), much less elevate the Planning Board's recommendation to a final appealable decision.

---

recommendation that the Master Plan not be amended to designate the Perpetual Building as a historical site on the Master Plan." *Montgomery Preservation, Inc. v. Montgomery County Planning Board,* 197 Md.App. 388, 395, 14 A.3d 1, 5 (2011). Consequently, the Council's inaction represented a decision, by operation of law, not to amend the master plan.

We have recognized that in some contexts, a Planning Board's decision can be regarded as final.

This Court has not been hesitant to approve a delegation of legislative power where that delegation is for the purpose of implementing a prior, specific legislative determination, and is accompanied by standards sufficient to limit and direct the exercise of discretion on the part of the agency or official to whom the power is delegated. We have applied these criteria to sustain carefully limited and directed delegations of zoning authority in a variety of cases.

*W. Montgomery County Citizens Assoc. v. Maryland–National Capital Park & Planning Comm'n,* 309 Md. 183, 199–200, 522 A.2d 1328, 1336 (1987) (citing *Coffey v. Maryland–Nat'l Capital Park & Planning Comm'n,* 293 Md. 24, 441 A.2d 1041 (1982) and *Bd. of County Comm'rs v. Gaster,* 285 Md. 233, 401 A.2d 666 (1979), as examples of proper delegation of authority in the planning context).

Our holding in *West Montgomery,* however, was that Montgomery County was "precluded, by the express and unequivocal language of the statute that granted it zoning power, from exercising that power in any manner other than that specifically authorized[.]" *Id.* at 198, 522 A.2d at 1335. The same limitation applies here, because the County has no inherent power to zone. *See id.* at 196, 522 A.2d at 1334. We also held that the power under the analogous zoning provision "has been granted to the [Council], and not to the Planning Commission or Planning Board." *Id.* at 196, 522 A.2d at 1334. The Council can only exercise its powers under the statute to the extent and in the manner directed by the legislature. Because approval of the amendments to the Master Plan come within mandated procedures granted to the Council, the Council may not delegate its authority to the Planning Board. The Planning Board's action must be considered a recommendation, not a final appealable decision.

Petitioners also point to our decision in *County Council v. Billings,* 420 Md. 84, 21 A.3d 1065 (2011). In that case, the Prince George's County Council exercised a discretionary

option to review subordinate agency decisions and sent appropriate notice to the parties. *See id.* at 103–04, 21 A.3d at 1076. After sending notice, the Prince George's County Council decided not to hear the case. This Court held that the council could not relieve itself of jurisdiction, once invoked, by subsequently disavowing it. *See id.* at 104, 21 A.3d at 1076. Petitioners argue that, had the Prince George's County Council "not assumed its discretionary jurisdiction over the case, the underlying agency decisions would have been 'final decisions' and subject to a petition for judicial review." As such, Petitioners claim that when "the Council disavows jurisdiction, the underlying agency decision becomes an appealable decision."

*Billings,* however, is not controlling here. As Respondent argues, the Prince George's County Code in *Billings* expressly provided for the underlying zoning decisions to become final, unless the council assumed jurisdiction in time. Once the council there had asserted its jurisdiction, it could not abandon it, because the county code did not authorize it to do so. *See Billings,* 420 Md. at 104, 21 A.3d at 1076. No similar provision exists here. Rather, Section 7–108 and Montgomery County Code Chapter 33A–7 vest the exclusive authority to take final action to approve or reject a master plan with the Council. The Council here cannot abandon its jurisdiction when the legislation does not permit it to do so, or when there is no specific procedure for delegation as permitted by the standard outlined *supra* in *West Montgomery.*

Petitioners argue that the Court of Special Appeals' decision, if we affirm it, would leave them "without judicial recourse at any level." Although the Petitioners may not challenge the Planning Board's recommendation as a final appealable decision, Petitioners could have sought review of the Council's action-by-inaction. As the Court of Special Appeals concluded:

[T]o appeal the decision not to designate the Perpetual Building as a historic site, [Petitioners] should have appealed the decision of the District Council, not the recommendation of the Planning Board. *See also Washington County*

*Taxpayers Assoc. v. Bd. of County Comm'rs,* 269 Md. 454, 464 [306 A.2d 539] (1973) (Because the legislative body has the sole authority to formulate and adopt a plan, if appellants seek to oppose the adoption of a plan, they should challenge the legislative body, not the planning commission.)

*Montgomery Preservation, Inc.,* 197 Md.App. at 396, 14 A.3d at 5–6.

Petitioners argue that the "Council's conclusion as a matter of law" that it had nothing to decide meant that Section 7–108(d)(2) was never triggered and the Council never took any action. As discussed above, however, the Council's inaction for 180 days, despite being grounded in an incorrect conclusion of law, triggered the adoption of the Board's recommendation, by operation of law. The Council's adoption of the denial of historic designation was the final action on the decision not to amend the master plan, and the only decision from which an appeal could be taken.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONERS.**

ELDRIDGE, J., joins in the judgment only.